POLSTON, J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm Kaczmar’s conviction for the first-degree murder of Maria Ruiz. I also agree with the decision to strike the cold, calculated, and premeditated (CCP) aggravator. However, I do not believe this case should be remanded for a new penalty phase. Because there is sufficient evidence to support Kaczmar’s conviction for attempted sexual battery, the trial court properly found the during the commission of a felony aggravator based upon the attempted sexual battery.
Kaczmar’s friend, Christopher Ryan Modlin, was with Kaczmar in his room prior to the murder. Modlin testified that Kaczmar stated that he wanted Maria Ruiz to use drugs that night so she would have sex with him. Modlin also testified that Kaczmar was watching pornography in his room and that Kaczmar turned up the volume so that Maria Ruiz would hear it. Kaczmar’s former cellmate, William Filan-cia, testified that Kaczmar stated that he had wanted to get lucky and “f — her” the night of the murder. Filancia explained *1009 that Kaczmar told him that, after Modlin departed, Kaczmar “started making passes at her and trying to get lucky and they got into a little bit of a shoving match back and forth.” Then, Kaczmar chased her into the bathroom and cut his thumb with the knife she had grabbed from a kitchen drawer to protect herself during their struggle.
Kaczmar’s own statements, specifically his statements to Filancia, constitute direct evidence of his guilt. See Simmons v. State, 934 So.2d 1100, 1111 (Fla.2006) (“A confession constitutes direct evidence of guilt”). His statements also constitute competent, substantial evidence to support the denial of his motion for judgment of acquittal on the attempted sexual battery charge. See Conde v. State, 860 So.2d 930, 943 (Fla.2003) (“On appeal of a denial of a motion for judgment of acquittal where the State submitted direct evidence, the trial court’s determination will be affirmed if the record contains competent and substantial evidence in support of the ruling.”). Kaczmar’s description of his actions on the night of the murder indicate that he attempted to sexually batter Maria Ruiz. “He did not have to yell, T want to rape you,’ in order for his criminal intentions to be apparent.” Gudinas v. State, 693 So.2d 953, 960 (Fla.1997). Therefore, because there is competent, substantial evidence to support Kaczmar’s conviction for attempted sexual battery, I would not strike the during the commission of a felony aggravator.
However, even if this aggravator was stricken along with the CCP aggravator, Kaczmar’s death sentence would still be proportionate. The trial court also found the heinous, atrocious, or cruel (HAC) ag-gravator and the prior violent felony ag-gravator,[4] giving each great weight. And the trial court gave slight weight to fourteen items found as part of the catch-all statutory mitigator, including that Kacz-mar was raised by an alcoholic and abusive father, that he had a positive relationship with his aunt, and that he was impaired by drugs on the night of the murder. Considering the totality of the circumstances, Kaczmar’s sentence would still be proportionate in relation to other death sentences that this Court has upheld. See, e.g., Merck v. State, 975 So.2d 1054, 1066 (Fla.2007) (death sentence proportionate for stabbing murder where trial court found prior violent felony and HAC aggravators, statutory age mitigator, and several non-statutory mitigators, including: a difficult family background; alcohol use the night of the murder; and a capacity to form positive relationships); Singleton v. State, 783 So.2d 970, 977-80 (Fla.2001) (death sentence proportionate for stabbing murder where trial court found prior violent felony and HAC aggravators as well as substantial mitigation, including: extreme mental or emotional disturbance;' impaired capacity to appreciate criminality of conduct or to conform conduct to requirements of law; and under influence of alcohol and possibly medication at time of offense); Blackwood v. State, 111 So.2d 399, 412-13 (Fla.2000) (death sentence proportionate for strangulation murder where trial court found HAC aggravator, one statutory mitigator, and eight nonstatutory mitigators).
*1010 Accordingly, I would affirm Kaczmar’s conviction and sentence. I respectfully concur in part and dissent in part.
CANADY, J., concurs.

. Although Kaczmar stipulated that he had been convicted of the prior violent felony of robbery, and the trial court acknowledged on the record that the stipulation was sufficient for finding the prior violent felony aggravator, the trial court mistakenly labeled the prior violent felony aggravator as "The capital felony was committed by a person previously convicted of a felony and under sentence of imprisonment or placed on community control or felony probation.” This error was waived because it was not raised. Moreover, it is harmless to the sentence. See Lawrence v. State, 846 So.2d 440, 450-51 (Fla.2003).